# EXHIBIT A

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS

---

DINA HAMRA, | Index No. 021531
--- | ---
Plaintiff, | S U M M O N S
-against- | Plaintiff's Residence Address
 | 725 Avenue T, 2nd floor
CAPITAL ONE BANK and ATLANTIC, | Brooklyn, New York 11223
CREDIT & FINANCE INC., |
Defendant, |

------------------------------------------------------X

Defendant's address:

Capital One Bank:

1680 Capital One Drive
McLean, VA  22102

Atlantic Credit & Finance Inc.:

3353 Orange Avenue NE
Roanoke, VA 24012

The basis of this venue is

Plaintiff's address



FILED
JUL 3 0 2015
CIVIL COURT
KINGS COUNTY

YOU ARE HEREBY SUMMONED to appear in the Civil Court of the City of New York, County of Kings, at the office of the Clerk of said Court, at 141 Livingston Street, Brooklyn, New York 11201, within the time provided by law as noted below and to file your Answer to the

annexed Complaint with the Clerk; upon your failure to Answer, judgment will be taken against you for the sum of $25,000.00 with interest from May 16, 2018 together with the costs of this action.

Dated: July 23, 2018

*[signature]*
Edward B. Geller, Esq., P.C.
Attorney for Plaintiff
15 Landing Way
Bronx, New York  10464
Tel:(914)473-6783

Note the law provides that:

a) If this summons is served by its delivery to you personally within the City of New York, State of New York, you must appear and answer within TWENTY DAYS after such service; or

b) If this summons is served by its delivery to any person other than you personally, or is served outside the City of New York, State of New York, or by publication, or by any means other than personal delivery to you within the City of New York, State of New York, you

are allowed THIRTY DAYS after the proof of service thereof is filed with the Clerk of this Court within which to appear and answer.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS

-----------------------------------------------------------------X

DINA HAMRA,                                    Index No.:

              Plaintiff,

-against-                                      **COMPLAINT FOR VIOLATIONS OF THE FDCPA & GENERAL BUS LAW**

CAPITAL ONE BANK AND ATLANTIC CREDIT & FINANCE INC

              Defendant(s).
-----------------------------------------------------------------X

      Plaintiff, DINA HAMRA ("Plaintiff"), by and through her attorneys, M. Harvey Rephen & Associates, P.C., by Edward B. Geller, Esq., P.C., Of Counsel, as and for her Complaint against the Defendants, CAPITAL ONE BANK and ATLANTIC CREDIT & FINANCE INC (hereinafter referred to as Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

    1.     Plaintiff brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendants' violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2. Plaintiff DINA HAMRA is a resident of the State of NEW YORK, residing at 725 AVENUE T, 2ND FLOOR, BROOKLYN, NY 12223.

3. Defendant CAPITAL ONE BANK is a WASHINGTON corporation and has a place of business at 1680 CAPITAL ONE DRIVE MCLEAN, WA 22102.

4. Defendant ATLANTIC CREDIT & FINANCE is a MICHIGAN corporation and has a place of business at PO BOX 2085 WARREN, MI 48090.

## FACTUAL ALLEGATIONS

5. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "4" herein with the same force and effect as if the same were set forth at length herein.

6. Upon information and belief, Defendant Capital One Bank, on behalf of itself or a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

7. Upon information and belief, and better known to the Defendant, the Defendant Capital One Bank began its collection efforts and campaign of communications with the Plaintiff by reporting an account attributed to Plaintiff to national credit bureau(s)

8. The Plaintiff previously having an account with the Defendant Capital One Bank, entered onto a settlement agreement in 2017 and paid the account off in three installments.

9. The Plaintiff made two payments of $500.00 and one payment of $343.00, all of which an emailed receipt was received for.

10. The Plaintiff, believing that her account was settled and taken care of, applied for a Discover card only to receive a letter dated May 16, 2018 informing her that she had been denied due to an existing collections account.

11.     A copy of the denial is attached hereto as exhibit" A".

12.     Shortly after the Plaintiff received a collection letter from Defendant Atlantic Credit and Finance Inc informing her she still owed $2,624.16, originally to Capital One Bank N A.

13.     The letter stated "Please allow this letter to serve as an introduction to MID. MID has purchased or was otherwise assigned the account ("the account") referenced above and it has been placed with Atlantic Credit and Finance Inc ("Atlantic") for collection.

14.     A copy of the collection letter is attached hereto as exhibit "B".

15.     Based on this information the Plaintiff called the Defendant Capital One Bank and was connected with a female representative. The Plaintiff gave her husband permission to speak on her behalf and the call continued.

16.     Mr. Hamra stated that they had settled the account more than a year ago with them directly and they (Capital One Bank) transferred them to a collection agency who has been calling all the time.

17.     The representative informed Mr. Hamra that they noticed that there was an error and the account should have been settled in full before it was sent to our department. The representative went on to state that they sent out a letter on June 13th to have the account repurchased, so they are just waiting on them (the collection agency) to let us know what they are doing.

18.     Mr. Hamra informed the representative that the account has already been reported to the credit agencies and they have been receiving collection calls every day. If it was fully settled and paid to you how could you send it to a collection agency and report it on the credit report?

19.     The representative stated it was a Capital One error but even though the payments were received it was still charged off and our department is trying to correct the error.

20. Mr. Hamra stated that he was the one who called them and they (Capital One) did not pick up on it.

21. The Representative stated the account must not have been closed out and settled properly and once it goes six (6) months where there is an outstanding balance our computer automatically sends them to the recovery department.

22. Mr. Hamra explained that this has affected them drastically as they are trying to purchase something but since it has affected their credit they are unable to do anything until it is corrected. (Please note the Plaintiff's credit score has dropped 200 points)

23. The representative stated she understood and transferred Mr. Hamra to another representative who will be taking over the account.

24. Mr. Hamra was transferred to Damien, the representative who would be assisting him with the account. Mr. Hamra briefly explained the situation and asked for the full account number for future reference.

25. The representative stated he was aware of the situation and asked Mr. Hamra if he was calling in for an update.

26. The Plaintiff stated that he was transferred over since he was told the representative (Damien) would now be working on his account.

27. Mr. Hamra also informed the representative that he had asked for a letter to be sent stating that the account has been settled but has not received anything.

28. The representative said so what you are looking for is a letter confirming that your account has been settled.

29. Mr. Hamra said he wants the account settled and taken off his credit report.

30. The representative stated that as of June 11th they had sent a request to their

department that handles the accounts being sold and requested that the account to be bought back from the buyer. The representative then said if Mr. Hamra wanted a letter confirming he paid off his account in 2017 he could send him a letter stating that.

31. Mr. Hamra informed the representative that this was his third request for a letter to be sent

32. The representative asked where Mr. Hamra would like the letter sent and Mr. Hamra gave the representative his current address.

33. The representative answered a few more questions and the call was concluded.

34. The Plaintiff acquired a copy of her credit report dated July 4, 2018 and noticed with the removal of the account her credit score increased almost 100 points.

## FACTUAL ALLEGATIONS FOR BREACH OF CONTRACT

The Existence of a Contract

35. Plaintiff entered into a contract agreement with the Defendant Capital One Bank for a settlement offer in 2017.

36. The Defendant agreed to settle the Plaintiff's account in the amount of $1343.00.

37. According to the settlement agreement once the $1343.00 was paid the Plaintiff's account would be marked settled in full.

38. On May 26, 2017 the Plaintiff made the first installment payment of $ 343.00 followed by two more payments dated June 27th and July 26th, 2017 both for $500.00, fulfilling the settlement agreement of $1343.00.

39. The Plaintiff, believing that her account was settled and taken care of, applied for a Discover card only to receive a letter dated May 16, 2018 informing her that she had been denied due to a collections account.

40. A copy of the denial is attached hereto as exhibit" A".

41. Shortly after the Plaintiff received a collection letter from Defendant Atlantic Credit and Finance Inc informing her she still owed $2,624.16, originally to Capital One Bank N A.

42. A copy of the collection letter is attached hereto as exhibit "B".

Performance by the Plaintiff

43. Plaintiff fulfilled the requirements as defined in the settlement agreement by the Defendant and paid the balance agreed upon of $1,343.00 in three installments.

44. Defendant failed to uphold the settlement agreement agreed upon in 2017.

45. Defendant, after receiving the all the payments from the Plaintiff, still sent her account over to a collection agency for the original amount of the debt.

## COUNT I
## BREACH OF CONTRACT

46. Plaintiff repeats and re-alleges every allegation above in paragraphs "1" through "45" as if set forth herein in full.

47. As described above, Plaintiff entered into a contract for a settlement with the Defendants in 2017.

48. The Plaintiff then fulfilled her requirements and paid the agreed upon amount of $1,343.00 to the Defendants.

49. By accepting the payment, the Defendant executed the Agreement but failed to uphold the Agreement to act accordingly with respect to the Plaintiff and consider her account

paid in full. Defendants unfairly breached their contract by sending the Plaintiff's account to a collection agency in the original amount.

## COUNT II
## THE INTENTIONAL
## INFLICTION OF EMOTIONAL DISTRESS

50. Plaintiff repeats and re-alleges every allegation above in paragraphs "1" through "49" as if set forth herein in full.

51. Plaintiff's credit profile is being harmed by Defendants' negative reporting to national credit bureaus, causing her distress and frustration.

52. Defendants' conduct constitutes an intent to cause harm to Plaintiff and/or a substantial probability of causing emotional distress to Plaintiff.

53. A causal connection exists between Defendants' conduct and the injury which resulted.

54. Plaintiff continues to suffer emotional distress as a direct result of Defendants' conduct.

## COUNT III

### (Negligent Infliction of Emotional Distress)

55. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "54" herein with the same force and effect as if the same were set forth at length herein.

56. Defendants owed Plaintiff a duty to avoid negligently inflicting severe mental and emotional distress upon Plaintiff, which continues currently.

57. Defendants caused Plaintiff to suffer severe mental and emotional distress, by placing

her in a position of being turned down for future loans and or credit lines because of the significant drop in her credit score. (please note that the Plaintiffs credit score dropped 200 points).

58. As a direct and proximate result of the wrongful actions and/or omissions of Defendants Plaintiff suffered humiliation, embarrassment, severe anxiety, pain and mental anguish, all to her damage.

59. As a direct and proximate result of the intentional and/or negligent and/or reckless infliction of emotional distress, Plaintiff demands consequential, special and general damages in such amounts as shall be proven at trial.

## FIRST CAUSE OF ACTION
*(Violations of the FDCPA)*

60. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "59" herein with the same force and effect as if the same were set forth at length herein.

61. 15 USC §1692 e – preface and e (10) prohibits the use of any false, deceptive or misleading representations in connection with the collection of a debt.

62. Defendant Atlantic Credit & Finance violated 15 USC §1692 e – preface and e (10) when it deceptively reported the Plaintiff's account as an open collection account to the credit bureaus even though it was already paid off in full, causing the Plaintiff's credit score to drop over 200 points. (as proven by the fact that it rose almost 100 when they deleted it)

63. 15 USC §1692 f – preface prohibits a debt collector from using any unfair or unconscionable means in connection with the collection of a debt.

64. Defendant Atlantic Credit & Finance Inc violated 15 USC §1692 f – preface when it unfairly reported the Plaintiff's account as an open collection account to the credit bureaus even though it was already paid off in full, causing the Plaintiff's credit score to drop over 200 points. (as proven by the fact that it rose almost 100 when they deleted it)

65. 15 USC §1692 d – preface states that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

66. Defendant Atlantic Finance & Credit violated 15 USC §1692 d – preface when it continually called the Plaintiff 3 times a day for months about a debt that was not owed.

## SECOND CAUSE OF ACTION

### *(Violations of NY General Business Law § 349)*

### Deceptive Trade Practices

67. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through 66" herein with the same force and effect as if the same were set forth at length herein.

68. Plaintiff is a consumer as that term is defined in New York General Business Law section 349 (NY GBL Sec. 349).

69. The described acts and practices involved "trade or commerce" as such terms are described in NY GBL Sec. 349, "a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

70. An unfair or deceptive practice in the conduct of any trade or commerce is unlawful pursuant to NY GBL Sec. 349.

71. Defendant Capital One Bank violated NY GBL Sec. 349 by unfairly and deceptively reporting inaccurate, incomplete, and unverifiable information and by failing to provide all the updated information required on the Plaintiff's credit report, as well as failing to mark the Plaintiff's account as settled and paid in full and sending it to a collections agency for recovery.

72. **WHEREFORE**, Plaintiff demands judgment for actual, statutory, and punitive damages against Defendants, jointly and severally; for her attorneys' fees and costs, for prejudgment and post-judgment interest at the judgment rate, and such other relief the Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A. For actual damages provided and pursuant to 15 USC Section 1692k(a)(1) in the amount of $25,000.00;

B. For statutory damages provided and pursuant to 15 USC §1692(2)(A);

C. For statutory damages provided and pursuant to 15 USC§1692k(2)(B);

D. For attorneys' fees and costs provided and pursuant to15USC§1692(a)(3);

E. A declaration that the Defendant's practices violated the FDCPA;

F. For damages arising out of Defendants' breach of contract in the amount of $25,000.00;

G. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:    New York, New York
          July 17, 2018

                              Respectfully submitted,

                              By: _____
                              Edward B. Geller, Esq.
                              Edward B. Geller, Esq., P.C., Of Counsel to
                              M. HARVEY REPHEN & ASSOCIATES, P.C.
                              15 Landing Way
                              Bronx, New York 10464
                              Phone: (914)473-6783

                              *Attorney for the Plaintiff* DINA HAMRA

EXHIBIT "A"

EXHIBIT "B"

[ T dispute debt ]

DINA HAMRA
725 AVENUE T
#2
BROOKLYN, NY 11223-3339

Original Creditor ▶ CAPITAL ONE, N.A.
                    GN
Current Creditor ▶ MIDLAND FUNDING LLC ("MID")
Acct # ▶ XXXXXXXXXXXX5680
AC&F File # ▶ 7347590
Charge Off Balance ▶ $2,023.16
Balance ▶ $2,023.16

May 11, 2018

Midland 800
265-8825

Dear Mr. Ms. Dina Hamra

_____ MID. MID has purchased or was otherwise assigned the _____ Account referenced above and it has been placed with Atlantic Credit & Finance, Inc. _____

Our records reflect you are obligated on the Account which is in default. The total amount of additional interest, charges and other fees that have accrued since charge-off is $0.00. The total amount of payments made on the Account since charge-off is $0.00. Accordingly, Atlantic is entitled to be paid the balance due of $2,023.16. All payments on the account should be sent as noted below.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

To discuss this debt, please contact Alicia Shiflett toll free at 866-397-4100, between 12:00 P.M. and 9:00 P.M. EST Monday through Wednesday, 8:30 A.M. to 5:30 P.M. on Thursday and 9:00 A.M. to 5:00 P.M. EST on Friday.

| Mail all Correspondence to: | Mail all Payments to: |
|---|---|
| Atlantic Credit & Finance, Inc. | Atlantic Credit & Finance, Inc. |
| PO Box 13386 | PO Box 2001 |
| Roanoke, VA 24033-3386 | Warren, MI 48090-2001 |

Office hours 8:30 A.M. to 9:00 P.M. Monday – Wednesday, 8:30 A.M. - 5:30 P.M. Thursday, 9:00 A.M. - 5:00 P.M. Friday (EST)

**This communication is from a debt collector.**
**This is an attempt to collect a debt. Any information obtained will be used for that purpose.**
**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

- Detach Here -

DETACH HERE AND ENCLOSE THIS PORTION ALONG WITH PAYMENT
Make check or money order payable to Atlantic Credit & Finance, Inc.

7347590
DINA HAMRA
725 AVENUE T
#2
BROOKLYN, NY 11223-3339

May 11, 2018

Original Creditor ▶ CAPITAL ONE, N.A.
Acct # ▶ XXXXXXXXXXXX5680
AC&F Acct # ▶ 7347590
Balance ▶ $2,023.16
Amount Enclosed ▶

WE ACCEPT M/C AND VISA
[ ] [MC] [ ] [VISA]

Account Number

ATLANTIC CREDIT & FINANCE, INC.

## AFFIRMATION

Dina Hamra, under the penalty of perjury, deposes and says:

I am the Plaintiff in the above entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

_____
[Signature]

Dina Hamra _____ [Printed]
Plaintiff

Affirmed before me this 19th day of July, 2018
State of NY, County of Kings

_____
Notary Public